LEE LITIGATION GROUP, PLLC
C.K. Lee
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465 – 1888
Fax: (212) 465 – 1181
*Attorneys for Plaintiff, and*
*FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO AMADEO CLEMENTE RAMOS,
*on behalf of himself,*
*and FLSA Collective Plaintiffs,*

        Plaintiff,

v.

KOONSUP THAI, INC.
    d/b/a PRO THAI,
and ARUNRAT VOONBUMROUNG

        Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, FRANCISCO AMADEO CLEMENTE RAMOS, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Collective Action Complaint against Defendants, KOONSUP THAI INC. d/b/a PRO THAI, ("Corporate Defendant"), and ARUNRAT VOONBUMROUNG ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum

wage, (2) unpaid overtime, (3) compensation for retaliation, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) compensation for retaliation, (4) unpaid spread of hours premium, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FRANCISCO AMADEO CLEMENTE RAMOS, is a resident of New York County, New York.

6. Defendants own and operate a Thai restaurant in New York County, New York under the trade name "PRO THAI".

7. Corporate Defendant KOONSUP THAI INC. d/b/a PRO THAI is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 1 Maiden Lane 5th Floor, New York, NY 10038 and a principal place of business located at 1575 Lexington Avenue, New York, NY 10029.

8. Individual Defendant ARUNRAT VOONBUMROUNG is the principal and executive manager of Corporate Defendant and has operational control of PRO THAI. Individual Defendant exercises the power to (and also delegate to managers and supervisors the

power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff at PRO THAI. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff. At all times, employees could complain to ARUNRAT VOONBUMROUNG regarding any of the terms of employment, and ARUNRAT VOONBUMROUNG would have the authority to effect any changes to the quality and terms of employees' employment. ARUNRAT VOONBUMROUNG ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ARUNRAT VOONBUMROUNG exercised functional control over the business and financial operations of all Corporate Defendants. ARUNRAT VOONBUMROUNG had the power and authority to supervise and control supervisors of Plaintiff and FLSA Collective Plaintiffs and could reprimand employees.

9.  At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants

11. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the NYLL.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to food preparers, cooks, servers, delivery persons, dishwashers, and cashiers, employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. From in or about August 2018, Plaintiff FRANCISCO AMADEO CLEMENTE RAMOS was employed to work as a delivery person for Defendants' PRO THAI restaurant located at 1575 Lexington Avenue New York, NY 10029. Plaintiff's employment was terminated in or about May 2019.

17. Throughout his employment with Defendants, Plaintiff was scheduled to work Mondays, Tuesdays and Fridays to Sundays from 11:00 am to 11:00 pm, with an hour allocated for a lunch break, for a total of fifty (55) hours per workweek.

18. Throughout Plaintiff's employment, even though he is a non-exempt employee who must be paid on an hourly basis, Plaintiff was paid a fixed salary of $350 per week. However, there was never any agreement that Plaintiff's fixed salary was intended to cover any overtime hours.

19. Defendants knowingly and willfully violated Plaintiff FRANCISCO AMADEO CLEMENTE RAMOS's rights by paying him on a fixed salary basis.

20. Plaintiff FRANCISCO AMADEO CLEMENTE RAMOS, and FLSA Collective Plaintiffs were paid below the proper minimum wage and proper overtime rate due to an invalid tip credit. With respect to Plaintiff FRANCISCO AMADEO CLEMENTE RAMOS, and FLSA Collective Plaintiffs, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to properly provide tip credit notice at hiring and annually thereafter in

violation of the NYLL; and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL. Furthermore, Defendants were not permitted to claim a tip credit because they claimed a tip credit in excess of the statutory amount permissible for overtime hours.

21. At all relevant times, Plaintiff was paid below both the Federal and New York State minimum wage due to Plaintiff's fixed salary.

22. At all relevant times, Plaintiff and FLSA Collective Plaintiffs regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

23. Plaintiff regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff the spread of hours premium for workdays that exceeded ten (10) hours in length, in violation of the NYLL.

24. Defendants failed to provide Plaintiff with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

25. Plaintiff received wage statements that were not in compliance with the NYLL. Plaintiff received fraudulent wage statements that failed to accurately reflect the number of hours worked and his proper compensation.

26. Defendants knowingly and willfully operated their business with a policy not paying the New York State minimum wage to Plaintiff.

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate

(of time and one-half) to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per week.

28. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff, in violation of the NYLL.

29. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

30. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

32. In or about May 2019, Plaintiff complained to Defendant ARUNRAT VOONBUMROUNG that he and other employees of PRO THAI were not being paid the minimum wages and overtime premium that they were legally entitled to. Plaintiff requested that Defendants adjust their wage-and-hour policies and pay him and other employees of the Restaurant in accordance with the law. Defendant ARUNRAT VOONBUMROUNG responded to Plaintiff's request, stating that Plaintiff was paid well enough, then terminated Plaintiff on the spot, in direct retaliation for calling attention to Defendants' rampant wage-and-hour violations and requesting that Defendants fix their illegal wage-and-hour policies.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Collective Action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

37. Defendants willfully violated Plaintiff's rights by failing to pay him the Federal minimum wage for the lawful amount of hours worked.

38. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

39. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate

discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, and an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Collective Action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the NYLL.

46. Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, despite his status as a non-exempt employee which would entail being paid on an hourly basis, as required under the NYLL.

47. Defendants willfully violated Plaintiff's rights by failing to pay him the New York State minimum wage for the lawful amount of hours worked. Defendants were not entitled to claim a valid tip credit.

48. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

49. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

50. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the date of hiring and annually thereafter, as required under the NYLL.

53. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this Collective Action Complaint as fully set forth herein.

55. Defendants retaliated against Plaintiff after he complained to Defendants regarding their underpayment of compensation for his hours worked. Defendants then terminated Plaintiff after he complained of Defendants' improper employment policies.

56. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

57. Plaintiff's employment was compromised as a result of Defendants' retaliatory actions.

58. Due to the Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

59. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Collective Action Complaint as fully set forth herein.

60. Defendants retaliated against Plaintiff after he complained to Defendants regarding their underpayment of compensation for his overtime hours worked. Defendants then terminated Plaintiff after he complained of Defendants' improper employment policies.

61. Plaintiff's employment was compromised as a result of Defendants' retaliatory actions.

62. Due to Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the NYLL;

d. An award of unpaid overtime compensation due under the FLSA and the NYLL;

e. An award of unpaid "spread of hours" premiums due under the NYLL;

f. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and proper overtime compensation, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and proper overtime compensation pursuant to the NYLL;

i. An award of liquidated and/or punitive damages as a result of Defendants' retaliation against Plaintiff pursuant to the FLSA and the NYLL;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 23, 2019

    Respectfully submitted,

    LEE LITIGATION GROUP, PLLC
    C.K. Lee
    148 West 24th Street, 8th Floor
    New York, NY 10011
    Tel.: 212-465-1188
    Fax: 212-465-1181
    *Attorneys for Plaintiff, and FLSA Collective Plaintiffs*

    By: */s/ C.K. Lee*
        C.K. Lee