UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                              :

FRANCISCO AMADEO CLEMENTE RAMOS,     :
*on behalf of himself and FLSA collective plaintiffs,*  :
                                          :        19-CV-8823 (JMF)
                             Plaintiff,    :
                                          :      ORDER APPROVING
          -v-                       :        SETTLEMENT
                                          :

KOONSUP THAI, INC. d/b/a PRO THAI, and    :
ARUNRAT VOONBUMROUNG,           :
                                          :
                          Defendants.   :
                                          :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29
U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 10.
By Order entered November 8, 2019, the Court directed the parties to submit letters explaining
the basis for the proposed settlement and why it should be approved, with reference to the factors
set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF
No. 11.

       The Court, having reviewed the parties' letter, dated December 12, 2019, finds that the
settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual
claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F.
Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive
claims . . . for fear that employers would [otherwise] coerce employees into settlement and
waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no
longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F.
Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the
defendants . . . reduc[es] the danger that the release was obtained through improper job-related
pressure").

       The settlement approval is subject to the following conditions. First, any modification of
the settlement agreement must be approved by the Court, regardless of any provision in the
agreement that purports to allow the parties alone to modify it. Second, to the extent the
settlement agreement allows Plaintiff's counsel to deduct fees and costs from any payment
installation, it is hereby modified to allow counsel to deduct no more than a pro rata share of
each installment.

In addition, Plaintiff seeks approval of $4,865.02 in attorney's fees (plus $404.95 in costs), which is 32.4% of the settlement amount of $15,000. *See* ECF No. 14. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Accordingly, the proposed award of fees and costs is approved.

Accordingly, the Court approves the settlement subject to any modification discussed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: December 13, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge